UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAKOTA PRATT-CAUDILL,

    Plaintiff,

v.                                        Case No. 3:21cv1043-MCR-HTC

SHERIFF OF ESCAMBIA COUNTY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Dakota Pratt-Caudill, a pretrial detainee proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Sheriff of Escambia County based on a June 25, 2021 arrest and subsequent charges, which are currently pending in state court.  ECF Doc. 1.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  Upon screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A, the undersigned recommends this action be dismissed *sua sponte* as the deficiencies in Plaintiff's complaint cannot be cured through an amendment.  Namely, as discussed below, Plaintiff's claims are barred under the *Younger* abstention doctrine and, otherwise, fail to state a claim.

I.      BACKGROUND

The following facts are taken from Plaintiff's complaint and accepted as true for purposes of this report and recommendation.

On June 25, 2021, Plaintiff "was arrested for violation of conditional release, as well as several other charges that [his] public defender informed [him] of at a later date during [his] incarceration." ECF Doc. 1 at 5. Plaintiff's public defender "also informed [him] that she did not see where there was any probable cause for the police to stop [Plaintiff] in the first place." *Id.* Plaintiff's public defender further informed him that "according to the information she had, there was a call about a 'suspicious person' and the officers arrived and blocked off another area in case the 'suspect' ran. *Id.*

Prior to the arrest, Plaintiff was "was stopped at . . . Catherine Dr. And as far as [he] could see [it] was a dead end drive." *Id.* When Plaintiff attempted to turn his "vehicle around" he was "surrounded by the police with guns drawn and told to exit the vehicle." *Id.* Plaintiff informed the officers that his "dog was also in the car . . . and [he] did not want him to get shot because he jumped out of the window." *Id.* at 5-6. While saying this, Plaintiff had his "hands and keys . . . held out to show compliance." *Id.* at 6.

After "the officers got [Plaintiff] out of the car and cuffed [him][,] they walk[ed] [him] to the cruiser," searched him, "and thr[e]w him into the car." *Id.*

While there, Plaintiff observed the "officers searching the vehicle [he] was driving, which belong[ed] to someone else." *Id.* The officers came back and asked Plaintiff "for [his] name and social, which [he] oblige[d]." *Id.* An officer then ran Plaintiff's name in the system and informed Plaintiff that he had "a warrant for [his] arrest for violation of conditional release (Case # 195974CIRE)." *Id.* According to Plaintiff, his "public defender is the only way, aside from [his] family telling him about the other charges against [him], so [he] is unable to provide any case number for the charges supposedly filed that evening." *Id.* Plaintiff's family "found the other charges out via 'Jail View.'" *Id.* Plaintiff has "not been fingerprinted on any charges but for the following: 195974CIRE, 20539CIRE, 21WAR012337." *Id.*

Plaintiff claims (1) his "right of due process [was violated] when agents/officers of the Escambia County Sheriff's illegally searched . . . the vehicle he was driving" and (2) his "right to be free from search and seizures without due process" was also violated. *Id.* at 7. As relief, Plaintiff seeks loss wages, damages for pain and suffering of $70,000, and dismissal of the charges. *Id.*

A review of the online docket for Escambia County shows that Plaintiff is involved in two pending state criminal cases arising out of the June 25 arrest. First, Plaintiff faces violation of a probation charges in case 2020 CF 000539. Second, Plaintiff faces criminal charges for one (1) count of operating a vehicle with a revoked driver's license, one (1) count of possession of a weapon or ammo by a

convicted felon, and one (1) count of resisting arrest without violence in Case 2020 CF 002872 A.[1]

## II. LEGAL STANDARDS

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief against a governmental entity, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).[2] In reviewing Plaintiff's complaint, the Court must read Plaintiff's allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III. DISCUSSION

As discussed below, the undersigned recommends Plaintiff's complaint be dismissed *sua sponte* as his claims are barred by the *Younger* abstention doctrine. However, even if this Court were to exercise jurisdiction over Plaintiff's claims,

---

[1] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records, available at the following URL: https://public.escambiaclerk.com/BMWebLatest/CourtCase.aspx/Details/2665550?digest=Vy0xWPzsx3HFl7nfyNpytw

[2] *See Brown v. Aramark Correctional Services, LLC*, 2019 WL 2423977, at *1 n.2 (M.D. Fla. June 10, 2019) ("the plain language of § 1915A makes clear that the section applies to complaints filed by pretrial detainees").

Plaintiff's complaint would still be subject to dismissal for failure to state a claim.

### A. Plaintiff's Claims are Barred Under *Younger v. Harris*, 401 U.S. 37 (1971)

As stated above, Plaintiff's claims arise out of an arrest that occurred on June 25, 2021 and lead to subsequent charges, which are still pending in two separate actions in the First Judicial Circuit of Florida. Thus, this Court should abstain from exercising jurisdiction over this matter.

Under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction over a matter that is pending in state court. *See Younger v. Harris*, 401 U.S. 37 (1971). As the Eleventh Circuit has explained, "[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (citing *Younger*, 401 U.S. at 37).

There are three (3) factors for a court to consider in determining whether abstention is required. "[F]irst, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Old Republic Union Ins. Co. v. Tillis*

*Trucking Co.,* 124 F.3d 1258, 1261 (11th Cir. 1997).  Each of those factors are met here.

The first factor is clearly met.  As stated above, Plaintiff's arrest is the subject of two pending criminal actions, one for violation of bond, and one for new charges.  The second *Middlesex* factor—whether the state proceedings implicate an important state interest—is also clearly met.  Plaintiff faces charges for violations of a state probation and state criminal laws.  It goes without saying that States have an interest in prosecuting their own laws.  *See Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state "interest in the enforcement of its criminal laws"); *Patterson v. Miami Dade Corr. Rehab. Dep't*, No. 18-CV-25346, 2018 WL 10609958, at *1 (S.D. Fla. Dec. 26, 2018), *report and recommendation adopted*, No. 18-25346-CIV, 2019 WL 8348958 (S.D. Fla. Jan. 11, 2019) (finding that plaintiff who was "being charged with a misdemeanor of resisting officers without violence" involved "important state interests").

Finally, the third *Middlesex* is also met because there is no procedural bar to Plaintiff raising the instant claims in his state court cases as they are both pending and appear to be in the discovery stage.  An "[a]dequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014).  "[I]nterference in pending proceedings is inappropriate unless state

law clearly bars the interposition of . . . [federal] constitutional claims." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (internal quotation marks omitted) (citing *Middlesex*, 457 U.S. at 432). "The burden of showing inadequacy of state procedure for this purpose rests with the federal 'plaintiff.'" *Id.* (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987)).

### B. Failure to State a Claim

Even if the Court were to exercise jurisdiction, Plaintiff's claims nonetheless would be subject to dismissal. As stated above, Plaintiff sues the Sheriff only in his official capacity. A suit against a government employee in his official capacity is treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Farred v. Hicks*, 915 F.2d 1530 (11th Cir. 1990) (a suit against a government employee in his official capacity is in actuality a suit against the governmental entity that the individual represents). However, to impose § 1983 liability on the Sheriff in his official capacity, Plaintiff must show that an official policy or custom of the Sheriff was the "moving force" behind the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). In the complaint, Plaintiff does not allege any custom or policy involving the Sheriff resulted in his arrest.

Also, even if Plaintiff were to amend his complaint to name the Sheriff in his individual capacity, such a claim would also fail because Plaintiff has not alleged

any facts showing that the Sheriff was personally involved with Plaintiff's arrest or that a casual connection exists between the Sheriff's conduct and the alleged constitutional violation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, Plaintiff alleges "agents/officers of the Escambia County Sheriff's" Office arrested him and searched him. ECF Doc. 1 at 7. It is well established, however, that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

Finally, to the extent Plaintiff seeks to be released, that is not a proper form of relief under § 1983. Instead, the relief Plaintiff seeks must be brought in a habeas action. *See Grider v. Cook*, 522 F. App'x 554, 547 (11th Cir. 2013).

## IV.  CONCLUSION

Although the Court should generally not dismiss a case without allowing the Plaintiff an opportunity to amend, the undersigned finds that the defects in the complaint are simply incurable and leave to further amend would be futile. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so"). Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to respond prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua*

*sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for lack or jurisdiction or failure to state a claim.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 27th day of October, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv1043-MCR-HTC